## LESNIK v. PUBLIC INDUSTRIALS CORPORATION et al.
### No. 176.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1946.

R. Randolph Hicks, of New York City (R. Randolph Hicks and Earl E. Keyes, both of New York City, of counsel), for appellant.

David Haar, of New York City, for appellee Harry Lesnik.

Guy George Gabrielson, of New York City, in pro. per., and for Albert L. Wolfe and C. Herbert Davison.

Before L. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

When the jury disagreed and were discharged, no verdict remained; and the directed verdict was merely the adjudication of the judge. It disappears with our reversal of the judgment entered upon it, and the case stands untried. See Federal Rule 50 (b), 28 U.S.C.A. following section 723c.

The plaintiff's evidence upon this trial was in substance the same as before; indeed, it was somewhat stronger. The jury alone could weigh against it the testimony of the defendants; the issue being of their good faith, it was particularly their province. We need add nothing to what we said before (144 F.2d 968), except a word about "conspiracy." The wrong charged is the violation by the defendants of their fiduciary duties as directors. It is of course true that the failure to declare dividends had to be the act of a majority, but it was not necessary that the majority should be guilty of any concerted wrong. Each director, whose vote was governed by improper motives,

784

severally committed a wrong against the shareholders; and he made himself liable for any consequent damages, if his vote was necessary to the failure to declare the dividend, even though his fellows were innocent. "Conspiracy" has no application to such a situation; its use only serves to confuse.

Judgment reversed; cause remanded.